Filed 2/9/26  P. v. Hall CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085150 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD299137) |
| SHAUN HALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Collette C. Cavalier and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

Shaun Hall was convicted of burglary, attempted burglary, and receiving stolen property. He then pleaded guilty to failure to register as a sex offender and providing false information on a sex offender registration form. The trial court enhanced Hall's sentence based on a 2007 robbery, which he admitted as a strike prior. Considering the seriousness of the current offense and Hall's extensive prior criminal history, including a 2013 conviction for pimping a minor under the age of 16, the trial court declined Hall's motion to strike the strike prior under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and Penal Code[1] section 1385.

Hall appeals his sentence, arguing the trial court abused its discretion by declining to strike the strike prior. He claims he falls outside the spirit of the Three Strikes law because he was a juvenile at the time of the 2007 offense, no weapons or force were used, and it was remote in time from the 2023 offenses. Hall also asserts that the trial court misunderstood the nature of the 2013 conviction for pimping a minor under the age of 16 and thus erroneously evaluated the seriousness of that prior conviction. Finally, Hall faults the court for failing to appreciate that his 2013 conviction was remote at the time of sentencing, and his more recent offenses were principally for failing to register as a sex offender.

We conclude the trial court did not abuse its discretion by refusing to strike the 2007 strike prior and expressed a correct understanding of Hall's 2013 conviction. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Between 3:15 and 3:30 a.m. on a May morning in 2023, Hall and a codefendant attempted to break into a home in the College Area

---

[1] Further statutory citations are to the Penal Code.

2

neighborhood of San Diego. The resident was still awake and, hearing the front door open, began to play loud music to let them know she was home. Apparently hearing the music, Hall and his companion ran away from her house.

Later that morning, another woman who lived nearby woke up to a light shining into her window. She looked outside and saw two men behind a nearby trashcan.

At about 4:00 a.m., police officers responded to a call about two men breaking into homes in the area and apprehended Hall. He was carrying a backpack belonging to a third victim who lived nearby.

Hall was charged with: (1) first degree burglary (§§ 459, 460, subd. (a); count 1); (2) attempted burglary (§§ 664, 459; count 2); (3) receiving stolen property (§ 496, subd. (a); count 3); (4) failure to register as a sex offender (§ 290.018, subd. (b); count 4); and (5) providing insufficient or false information on a sex offender registration form (§ 290.018, subd. (k); count 5). The information alleged that Hall had a prior strike juvenile adjudication for a robbery in 2007. A jury found Hall guilty on counts 1 through 3. Hall pled guilty to violating counts 4 and 5. Hall also admitted the 2007 robbery conviction constituted a prior strike for purposes of the Three Strikes law. (§§ 667, subd. (b)–(i), 1170.12.)

Hall filed a motion to strike the 2007 strike, arguing the offense was remote in time, was committed when he was 16 years old, and did not involve violence. He further argued the current offenses did not involve violence, and punishment under the Three Strikes law would be disproportionate to the severity of his current crimes.

At the sentencing hearing, defense counsel emphasized Hall's difficult upbringing, stating, "He was born in prison. His mother was incarcerated

3

throughout his life. His father was incarcerated throughout his life. He never had a role model." Counsel argued Hall's most recent convictions were for failing to register as a sex offender. Counsel explained that Hall was now "prepared to take advantage of resources that will be available to him in state prison that he potentially was not mature enough to understand the importance of previously."

There was some confusion about Hall's 2013 conviction for "pimping a minor" under the age of 16. (§ 266h, subd. (b)(2).)[2] The court asked whether "the strike offense was the 2014 one," and defense counsel responded that the only strike offense was the 2007 robbery. The court then asked, "And the offense in 2017,[3] the human trafficking, is not a strike?" Defense counsel clarified the offense Hall pled to was pimping and not a strike. The probation officer noted that the juvenile strike prior "was just part of the Complaint" in the 2013 matter. The court added, "I really thought the 266 was a strike. So that's my problem as I'm looking at a very serious offense in 2017. That's where I get—it's one thing if he never did anything bad after the robbery as a juvenile, but it's not true. This was a very serious offense in 2017."

The trial court denied Hall's motion, finding that Hall's criminal history reflected "violation after violation after violation with no attempt on [Hall's] part to even get beyond it. . . . Every time you get out, you don't even show up for probation, you cut off your GPS monitoring, you commit new

---

2    In his reply brief, Hall argues he was convicted of "pimping an adult prostitute" in violation of section 266h, subdivision (a). The probation report makes clear he pled guilty to "Ct 2 w/ PC266h(b)(2)." Section 266h, subdivision (b)(2), specifies that "the person engaged in prostitution is under 16 years of age."

3    Although first defense counsel and then the court referred to a "2017" offense, the parties agree they were referencing the 2013 offense.

offenses. You have violations in every single case." The court found that "breaking into somebody's house when there are people in there . . . [is a] very serious crime[], because terrible things happen when you go into a person's home at 3:00 in the morning. You can get shot. They can get beat up. It's a terrible idea." The court also noted Hall had not made efforts at rehabilitation, observing, "You admit in your report you have never bothered to get a job in your entire 33 years of life. You have always chosen crime over finding gainful employment. You have always chosen drugs and alcohol over sobriety. You have never complied with probation conditions or parole conditions in your entire life since you were 13 years old." The court concluded, "[Hall's] criminal history in my view is too aggravated. He has not complied with probation, parole, et cetera; and the current offenses were very serious offenses. And in looking at that criminal history, that pimping charge with a minor is a very, very serious charge that he had recently. So I do not think striking the strike is appropriate."

Although Hall stipulated to circumstances supporting an upper term sentence, the court "decided to give [Hall] the mitigated middle term because of his childhood situation." It thus sentenced Hall to an aggregate term of 9 years and 4 months in state prison, consisting of 8 years for count 1 (4 years doubled based on the prior strike), a consecutive 1 year and 4 months on count 2, and concurrent terms on the remaining counts.

## DISCUSSION

"While the purpose of the Three Strikes law is to punish recidivists more harshly [citation], not all recidivists fall within the spirit of that law." (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1140.) A trial court therefore has the discretion to strike a prior conviction in the furtherance of justice. (§ 1385, subd. (a); *Romero, supra,* 13 Cal.4th at p. 504.) When considering

5

whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

We review a trial court's decision not to strike a strike prior for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "[T]he [T]hree [S]trikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances," including "where the trial court was not 'aware of its discretion' to dismiss," "where the court considered impermissible factors in declining to dismiss," or where the Three Strikes law has created " 'an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*Ibid.*)

Hall first argues "the 2007 conviction falls outside the spirit of the Three Strikes [l]aw" because (1) he "committed the robbery when he was a minor still living in [*sic*] and influenced by the dysfunctional and abusive[4] family"; (2) "no weapons or force w[ere] used in the crime," but "[i]nstead,

---

4       We note Hall does not cite to any allegations he was abused.

6

the robbery was accomplished by Hall's companion whose gestures suggested to the victim that he had a gun although he did not actually have one"; and (3) "the strike offense occurred some 17 years prior to the sentencing which was more than half of Hall's 33-year life span up to that time."

The record reflects that the trial court considered these factors as part of "the nature and circumstances of his . . . prior serious and/or violent felony conviction[]" (*Williams*, *supra*, 17 Cal.4th at p. 161), but found that other relevant factors ultimately weighed against striking the strike prior. In particular, the court relied on the seriousness of the current offenses and Hall's criminal history.

The court decided that Hall's current offenses were serious, as burglary of residential buildings creates a possibility of violent confrontation. Hall generally claims the "sentence . . . was greatly disproportionate to the crime of conviction," but fails to explain why. The jury expressly found the burglary was of the inhabited portion of a building, within the meaning of section 460, subdivision (a) and that another person, other than an accomplice was present in the building, making the offense a "violent felony" for purposes of section 667.5, subdivision (c)(21). We think the court's assessment was reasonable. (Cf. *Taylor v. U.S.* (1990) 495 U.S. 575, 588 ["The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape"].)

The trial court also determined, and Hall does not dispute, that he has an extensive criminal history and that "[h]e has not complied with probation, parole, et cetera." The judge could properly consider Hall's long and

persistent history of criminal behavior and failure to comply with the terms of his release. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [Three Strikes law is intended to govern sentencing of a " 'revolving door' career criminal"].)

The court emphasized Hall's 2013 conviction, concluding, "that pimping charge with a minor is a very, very serious charge that he had recently." Hall notes the judge's initial confusion regarding this offense, arguing that she mistakenly concluded he had been convicted of a second strike offense. We do not think the record supports this view. Although the court initially asked whether the 2013 offense was a strike offense, it apparently accepted defense counsel's and the probation officer's explanations. After that exchange, the court referred to the pimping conviction as "a very serious offense," and a "very, very serious charge," but not a "strike," "serious felony," or "violent felony." (§§ 667.5, subd. (c), 1192.7, subd. (c).)

In his reply brief, Hall argues he committed the 2013 offense "some 11 years before the sentencing hearing held in November 2024," and all of his convictions from 2013 "until his present offense were for either petty theft or failing to register as a sex offender." Again, the record reflects the trial court considered these circumstances. Failing to register as a sex offender is generally relevant to a court's decision not to strike a strike. (See *Carmony*, *supra*, 33 Cal.4th at p. 378 [defendant's "two prior convictions for failing to register" supported the trial court's decision not to strike defendant's prior strike].) And the court could have reasonably considered Hall's failure to register as symptomatic of his persistent failure to comply with the terms of his release. Further, while they were less serious offenses, the court noted that Hall continually reoffended between his 2007 strike and 2013, and between 2013 and the current offenses. At best, Hall points to facts that

suggest reasonable people might disagree about whether to strike his 2007 prior; that is not enough to establish an abuse of discretion.  (*Ibid.*)

## DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

9